**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------  §
                                                        §
BREWER, ATTORNEYS &                                     §
COUNSELORS,                                             §
                                                        §   Case No.  1:19-mc-00250
            Plaintiff,                                  §
                                                        §
v.                                                      §
                                                        §
REED SMITH LLP and PETER                                §
RAYMOND,                                                §
                                                        §
            Defendant.                                  §

--------------------------------------------------------

**PLAINTIFF BREWER, ATTORNEYS & COUNSELORS'**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH**
<u>**SUBPOENA ISSUED BY REED SMITH LLP AND PETER RAYMOND**</u>

Brewer, Attorneys & Counselors
Michael J. Collins
State Bar No. 3971348
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone:  (212) 489-1400
Facsimile:  (212) 751-2849

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  PRELIMINARY STATEMENT ............................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................... 2

III.  APPLICABLE LAW ........................................................................................... 6

IV.  ARGUMENTS ..................................................................................................... 6

  A.  The Court Should Quash The Subpoena Because It Calls For
      Privileged Information. ............................................................................ 6

    1.  The requested information is subject to the Attorney-
        Client Privilege and Attorney Work Product
        Doctrine ......................................................................................... 6

    2.  BAC produced a Categorical Privilege Log of all
        Responsive Information withheld on the basis of
        privilege. ....................................................................................... 9

  B.  BAC Should Not Be Required To Prepare A Document-By-
      Document Privilege Log Because It Will Impose An Undue Burden
      On A Third-Party To The Underlying Litigation ..................................... 9

    1.  The subpoenaed information is not relevant. ............................... 10

    2.  The subpoenaed information can be obtained from
        parties to the underlying litigation. ............................................ 13

    3.  Production of a document-by-document privilege log
        for the subpoenaed information imposes a substantial
        burden on a nonparty. .................................................................. 15

V.  CONCLUSION .................................................................................................. 16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abdou v. Gurrieri*,
   No. 05-CV-3946 JG KAM, 2006 WL 2729247 (E.D.N.Y. Sept. 25, 2006)........................6, 9

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc*.,
   300 F.R.D. 406 (C.D. Cal. 2014) .............................................................................................14

*Auto. Club of N.Y., Inc. v. Port Auth. Of N.Y. & N.J.*,
   297 F.R.D. 55 (S.D.N.Y. 2013) ................................................................................................9

*Bogan v. Nw. Mut. Life Ins. Co.*,
   163 F.R.D. 460 (S.D.N.Y. 1995) ......................................................................................6, 7, 9

*Burns v. Bank of America*,
   No. 03-CIV-1685-RMB-JCF, 2007 WL 1589437 (S.D.N.Y. June 4, 2007) ...........................14

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D.N.Y. 1996) .......................................................................................10, 16

*Cusumano v. Microsoft Corp.*,
   162 F.3d 708 (1st Cir. 1998) ..................................................................................................16

*Gould Inv'rs, L.P. v. Gen. Ins. Co. of Trieste & Venice*,
   No. 89-CIV-4794-CES, 1992 WL 42164 (S.D.N.Y. Feb. 24, 1992)................................6, 7, 9

*Graham v. Casey's Gen. Stores, Inc.*,
   206 F.R.D. 251 (S.D. Ind. 2002)............................................................................................15

*Hughes v. Twenty-First Century Fox, Inc.*,
   327 F.R.D. 55 (S.D.N.Y. 2018) .........................................................................................6, 10

*In re Curtis James Jackson, III*,
   No. 15-21233-AMN (Bankr. D. Conn.)...................................................................... *passim*

*In re Honeywell Intern., Inc. Securities Litigation*,
   230 F.R.D. 293 (S.D.N.Y. 2003) ...........................................................................................17

*Johnson v. Bryco Arms*,
   226 F.R.D. 441 (E.D.N.Y. 2005) ...........................................................................................15

*Linder v. Calero-Portcarrero*,
   180 F.R.D. 168 (D.D.C. 1998) ...............................................................................................16

*Lipinski v. Skinner,*
    781 F. Supp. 131 (N.D.N.Y. 1991) ...................................................................6, 9

*Soto v. Castlerock Farming and Transport, Inc.,*
    282 F.R.D. 492 (E.D. Cal. 2012) ...........................................................................14

*Travelers Indem. Co. v. Metropolitan Life Ins. Co.,*
    228 F.R.D. 111 (D. Conn. 2005)......................................................................14, 15

*United States v. Int'l Bus. Mach. Corp.,*
    83 F.R.D. 97 (S.D.N.Y. 1979) .........................................................................10, 11

*United States v. Mejia,*
    655 F.3d 126 (2d Cir. 2011).....................................................................................7

*United States v. Nobles,*
    422 U.S. 225 (1975)..................................................................................................7

*Wells v. Lamplight Farms Inc.,*
    298 F.R.D. 428 (N.D. Iowa 2014) ..........................................................................14

*WM High Yield v. O'Hanlon,*
    460 F. Supp. 2d 891 (S.D. Ind. 2006) ...............................................................14, 15

**Statutes**

New York Civil Rights Law § 51 .................................................................................4, 6

**Other Authorities**

22 N.Y.C.R.R. 1215.1 ...............................................................................................5, 11

Fed. R. Civ. P. 26......................................................................................................7, 14

Fed. R. Civ. P. 45.................................................................................................. *passim*

S.D.N.Y. Local Rule 26.2 ...........................................................................9, 10, 14, 15

S.D.N.Y. Local Rule 34 ...............................................................................................14

Plaintiff Brewer, Attorneys & Counselors LLP ("BAC") submits this memorandum of law in support of its Motion to Quash the Subpoena issued by Reed Smith LLP and Peter Raymond ("Defendants").

## I.

## PRELIMINARY STATEMENT

On April 9, 2019, Defendants served a subpoena to produce documents on BAC, a law firm located in Dallas, Texas, and New York, New York.[1]  Defendants are engaged in an adversary proceeding with Defendants' former client concerning unpaid legal fees and allegations of legal malpractice related to Defendants' representation of that client in a personal injury lawsuit in 2015.[2]  Shortly prior to the trial in that lawsuit, BAC replaced Defendants as counsel.[3]   Now, Defendants have subpoenaed BAC and demanded essentially all documents related to BAC's representation of Defendants' former client *after* Defendants withdrew as counsel.[4]  The subpoena calls for thousands of documents that are unquestionably privileged and not relevant to the adversary proceeding, which is concerned with a single issue: whether Defendants should have preserved discovery for three witnesses during their representation of their former client in the personal injury lawsuit, and whether failure to do so damaged their former client.[5]  If required to generate a document-by-document privilege log for the thousands of irrelevant documents

---

[1] *See* Exhibit A to the Declaration of Michael J. Collins (the "Collins Decl.").

[2] *See* Adversary Case 17-02005, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 1).

[3] *See* Decision on Motion to Dismiss Adversary Proceeding at 2, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 64).

[4] *See* Collins Decl., Ex. A.

[5] *See* Decision on Motion to Dismiss Adversary Proceeding at 31, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 64).

requested by Defendants, BAC will bear a substantial, undue burden.  Accordingly, the Court should quash the subpoena.

**II.**

**FACTUAL BACKGROUND**

On April 9, 2019, Defendants served a subpoena to produce documents on BAC (the "Subpoena").  The return date of the Subpoena is May 9, 2019.  The Subpoena demands the following:

> 1.  All documents or communications concerning Jackson's engagement of You, including without limitation documents sufficient to show the amount of money paid to You by Jackson.

> 2.  All documents or communications relating to the Leviston Matter, including without limitation (i) the entirety of Your client file for the Leviston Matter; (ii) documents presented to the jury in the Leviston Matter; (iii) documents prepared for or used in connection with trial in the Leviston Matter; (iv) documents or communications relating to the Leviston Matter made or exchanged between Jackson, on the one hand, and You, on the other hand; (v) documents or communications relating to the Leviston Matter made or exchanged between You, on the one hand, and the Outside Leviston Advisors or Jackson's Counsel, on the other hand; (vi) documents or communications regarding the testimony of Christopher Singh or Corentin Villemeur in the Leviston Matter; (vii) documents or communications concerning Jackson's testimony in the Leviston Matter; (viii) documents or communications relating to the jury's deliberations and/or verdict in the Leviston Matter; (ix) documents or communications pertaining to settlement of the Leviston Matter; (x) documents or communications concerning attempts to remove the Leviston Matter to federal court; and (xi) documents or communications concerning whether to appeal any act of the court in the Leviston Matter.

> 3.  All documents or communications relating to Defendants, including without limitation (i) documents or communications made or exchanged between or among You, Jackson, and/or Defendants; (ii) documents or communications concerning Jackson's termination of Defendants in connection with the Leviston Matter; (iii) documents or communications relating to Defendants' representation of Jackson in the Leviston Matter; (iv) documents or communications regarding Defendants' legal fees and other bills; and (v) documents or communications concerning Defendants in connection with any of the events or circumstances alleged in the Complaint.

> 4.  All documents or communications relating to the jury's deliberations and/or verdict in the Leviston Matter made or exchanged between or among You, on the one hand, and any juror in the Leviston Matter, on the other hand.

5. All documents or communications concerning the identity of the Internet Provider, including without limitation documents or communications pertaining to efforts to ascertain the identity of the Internet Provider.

6. All documents or communications concerning Ross, including without limitation (i) documents or communications relating to Ross's role in the Leviston Matter; (ii) documents sufficient to show all dates on which You communicated with Ross; (iii) documents or communications made or exchanged between You, on the one hand, and Ross, on the other hand; (iv) documents containing written statements of Ross, including without limitation oral or written testimony and unsworn statements; and (v) documents or communications relating to written statements of Ross, including without limitation summaries or notations.

7. All documents or communications concerning Murray, including without limitation (i) documents or communications relating to Murray's role in the Leviston Matter; (ii) documents sufficient to show all dates on which You communicated with Murray; (iii) documents or communications made or exchanged between You, on the one hand, and Murray, on the other hand; (iv) documents containing written statements of Murray, including without limitation oral or written testimony and unsworn statements; and (v) documents or communications relating to written statements of Murray, including without limitation summaries or notations.

8. All documents or communications concerning the Internet Provider, including without limitation (i) documents or communications relating to the Internet Provider's role in the Leviston Matter; (ii) documents sufficient to show all dates on which You communicated with the Internet Provider; (iii) documents or communications made or exchanged between You, on the one hand, and the Internet Provider, on the other hand; (iv) documents containing written statements of the Internet Provider, including without limitation oral or written testimony and unsworn statements; and (v) documents or communications relating to written statements of the Internet Provider, including without limitation summaries or notations.[6]

Defendants issued the subpoena from the United States Bankruptcy Court for the District of Connecticut, where they are defendants in an adversary proceeding captioned *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (the "Adversary Proceeding"), in the chapter 11 case *In re Curtis James Jackson, III*, Case No. 15-21233-AMN (Bankr. D. Conn.) (the "Bankruptcy Case").[7] Defendants are unsecured creditors in the Bankruptcy Case.[8]

---

[6] *See* Collins Decl., Ex. A.

[7] *See* Adversary Case 17-02005, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (D. Conn. 2017).

[8] *See* Claim 18, *In re Curtis James Jackson, III*, No. 15-21233-AMN (Bankr. D. Conn.).

3

By way of background, on November 3, 2015, Defendants filed Proof of Claim Number 18 in the Bankruptcy Case seeking $609,235.41 from its former client in unpaid fees related to the provision of legal services by defendant Reed Smith, a law firm, and defendant Peter Raymond, a partner at Reed Smith.[9]  Defendants provided legal services in connection with the defense of their former client, Curtis Jackson III ("Mr. Jackson"), in a personal injury lawsuit captioned *Lastonia Leviston v. Curtis James Jackson, III a/k/a 50 Cent*, Index No 102449/10, filed in the Supreme Court of the State of New York, New York County in 2010 (the "Leviston Case").[10]  That lawsuit concerned allegations that Mr. Jackson knowingly publicized a lewd video of Lastonia Leviston, violating New York Civil Rights Law § 51, and resulting in severe emotional distress.[11]  Shortly before trial, Mr. Jackson terminated his relationship with Defendants, and retained new counsel, BAC, to represent him in the Leviston Case."[12]  Three months later, the jury returned a verdict against Mr. Jackson.[13]

On October 18, 2016, Mr. Jackson objected to Defendants' Proof of Claim Number 18.[14] On March 1, 2019, the Honorable Ann M. Nevins, Bankruptcy Judge for the United States Bankruptcy Court for the District of Connecticut, permitted Mr. Jackson to proceed on his objections to the extent that Claim Number 18 should be disallowed or reduced due to Defendant's (1) alleged violation of 22 N.Y.C.R.R. 1215.1 (concerning the propriety of Defendants' retainer

---

[9] *See id.*

[10] *See id.*

[11] Amended Objection to Claim 18-1 at 6, *In re Curtis James Jackson, III*, No. 15-21233-AMN (Bankr. D. Conn.) (Dkt. No. 832).

[12] *See* Decision on Motion to Dismiss Adversary Proceeding at 2, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 64).

[13] *See id.*

[14] Amended Objection to Claim 18-1 at 6, *In re Curtis James Jackson, III*, No. 15-21233-AMN (Bankr. D. Conn.) (Dkt. No. 832).

agreement), (2) alleged conflict of interest arising from Defendant's relationship with another attorney during the Leviston Case (not Brewer), and (3) alleged excessive billing.[15]

On June 19, 2017, Mr. Jackson filed the Adversary Proceeding against Defendants alleging a litany of causes of action related to Defendants' representation of Mr. Jackson in the Leviston Case.[16]    On March 1, 2019, Judge Nevins issued a Memorandum of Decision on Defendants' Motion to Dismiss the Adversary Proceeding and pared down Mr. Jackson's allegations to a single count: "[T]hat the Defendants committed malpractice by failing to conduct and preserve discovery of [potential witnesses] Mr. Ross, Mr. Murray, or the Internet Provider which, if conducted, would have mitigated the amount of damages awarded against [Mr. Jackson in the Leviston Case]."[17]  The court found that, if Mr. Jackson's allegations are true, "[t]he Leviston jury could have considered evidence that [Mr. Jackson] was told Ms. Leviston consented [to publication of the video by Mr. Murray] and that Mr. Ross was the first person to publish the [v]ideo [online via the aforementioned internet provider]."[18]  The court concluded that information could have affected the jury's determination whether Mr. Jackson "knowingly" publicized the video in a "manner [that] is forbidden or declared to be unlawful," a predicate to exemplary damages under New York Civil Rights Law section 51.[19]  Defendant's Subpoena to BAC followed.

**III.**

---

[15] *See* Decision on Motion to Dismiss Adversary Proceeding at 31, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 64).

[16] *See* Adversary Case 17-02005, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 1).

[17] *See* Decision on Motion to Dismiss Adversary Proceeding at 31, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 64).

[18] *Id.* at 23.

[19] *See id.*; N.Y. Civ. Rights Law § 51.

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45(d)(3)(A), the Court is required to quash or modify a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."  "The movant bears the burden of persuasion in a motion to quash a non-party subpoena."[20]

## IV.

## ARGUMENTS

**A.   The Court Should Quash The Subpoena Because It Calls For Privileged Information.**

Unsurprisingly, the vast majority of documents responsive to the Subpoena in law firm BAC's possession related to the Leviston Case are subject to protection under the attorney-client privilege or attorney work product doctrine and cannot be produced.  Courts in this Circuit frequently quash subpoenas that request privileged information where the burden of compliance outweighs the value of the remaining non-privileged information.[21]

**1.   The requested information is subject to the Attorney-Client Privilege and Attorney Work Product Doctrine.**

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice."[22]  The work-product doctrine, embodied in Fed. R. Civ. P.

---

[20] *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018).

[21] *See, e.g., Abdou v. Gurrieri*, No. 05-CV-3946 JG KAM, 2006 WL 2729247, at *4 (E.D.N.Y. Sept. 25, 2006) (law enforcement privilege); *Bogan v. Nw. Mut. Life Ins. Co.*, 163 F.R.D. 460, 463 (S.D.N.Y. 1995) (work-product privilege); *Gould Inv'rs, L.P. v. Gen. Ins. Co. of Trieste & Venice*, No. 89-CIV-4794-CES, 1992 WL 42164, at *2 (S.D.N.Y. Feb. 24, 1992) (attorney-client privilege); *Lipinski v. Skinner*, 781 F. Supp. 131, 138 (N.D.N.Y. 1991) (journalists' privilege).

[22] *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011).

Rule 26(b)(3), protects all documents "prepared in anticipation of litigation."[23]  In determining whether a document is subject to work product protection, the touchstone inquiry is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.[24]  The Court "has an obligation . . . to safeguard the thought processes and litigation strategy of [] counsel.[25]

Of the eight (8) requests in the Subpoena, seven (7) expressly demand information protected by the attorney-client privilege or work product doctrine.[26]  In Requests Numbers 2 and 3, Defendants request *every* document exchanged between BAC and Mr. Jackson or his agents.[27]  Most, if not all, of the thousands of responsive documents responsive to those requests are exempt from discovery on the basis of attorney-client privilege because they are communications between BAC and its client, Mr. Jackson, or his agents.  In Request Number 2, Defendants request all documents "prepared for or used in connection with trial in the Leviston [Case]."  All or nearly all of the responsive documents are exempt from discovery on the basis of the work product doctrine because documents prepared and used in connection with the representation of Mr. Jackson in the Leviston Case are, by definition, attorney work product.

---

[23] *United States v. Nobles*, 422 U.S. 225, 238 (1975); *see Bogan v. Nw. Mut. Life Ins. Co.,* 163 F.R.D. 460, 463 (S.D.N.Y. 1995) (the documents must have been prepared at least with "an eye toward litigation.").

[24] *Bogan v. Nw. Mut. Life Ins. Co.*, 163 F.R.D. at 463 (quoting 8 Charles A. Wright et al., <u>Federal Practice and Procedure</u> § 2024 (2d ed. 1994)).

[25] *Gould Inv'rs, L.P.*, No. 89-CIV-4794-CES, 1992 WL 42164, at *2.

[26] *See* Collins Decl., Ex. A.  The single exception is Request Number 7, which seeks documents exchanged between BAC and any juror in the Leviston Case.

[27] *See id.* (Request Number 2:  "All . . . documents or communications relating to the Leviston Matter made or exchanged between [Mr. Jackson], on the one hand, and [BAC], on the other hand"), (Request Number 3:  "All documents or communications . . . made or exchanged between or among [BAC], [Mr. Jackson], and/or Defendants").

Defendants' remaining requests seek documents that, if they exist, are protected from production in light of BAC's role as counsel to Mr. Jackson, such as "documents concerning [Mr. Jackson's] engagement of [BAC]"[28]; "documents or communications concerning the identity of the Internet Provider"[29]; "documents or communications relating to Ross's role in the Leviston [Case]"[30]; "documents or communications relating to Murray's role in the Leviston [Case]"[31]; and "documents or communications relating to the Internet Provider's role in the Leviston [Case]."[32]

Based upon BAC's preliminary review of responsive documents, the vast majority of information within the scope of Defendants' Subpoena is subject to privilege because the documents consist of communications between or among BAC, Mr. Jackson, and his agents, and of work-product generated by BAC or at BAC's direction for use in the Leviston Case.[33]  These determinations are set forth in the privilege log produced by BAC to Defendants on May 9, 2019.[34] Accordingly, because the vast majority of responsive documents are privileged, and the remaining responsive information is minimal and, as discussed below, not probative of the issues in the Adversary Proceeding or Bankruptcy Case, the Subpoena should be quashed to the extent it requests privileged documents.[35]

---

[28] Collins Decl., Ex. A (Request No. 1).

[29] *Id.*, Ex. A (Request No. 5).

[30] *Id.*, Ex. A (Request No. 6).

[31] *Id.*, Ex. A (Request No. 7).

[32] *Id.*, Ex. A (Request No. 8).

[33] *Id.*, ¶ 12.

[34] *Id.*, Ex. B

[35] *See, e.g., Abdou*, No. 05-CV-3946 JG KAM, 2006 WL 2729247, at *4; *Bogan*, 163 F.R.D. at 463; *Gould Inv'rs, L.P.*, No. 89-CIV-4794-CES, 1992 WL 42164, at *2; *Lipinski*, 781 F. Supp. at 138.

## 2. BAC produced a Categorical Privilege Log of all Responsive Information withheld on the basis of privilege.

Pursuant to Fed. R. Civ. P. 45(2)(A), BAC produced to Defendants a privilege log of all responsive documents withheld on the basis of privilege on May 9, 2019.[36]  The log sets forth "(i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other."[37]  The BAC log provides that information by category because of the sheer volume of responsive privileged documents, and the cost, in terms of money and time, that would be imposed by a document-by-document privilege log on BAC, a boutique law firm of just fifteen (15) attorneys.[38]

## B. BAC Should Not Be Required To Prepare A Document-By-Document Privilege Log Because It Will Impose An Undue Burden On A Third-Party To The Underlying Litigation

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv), the Court is required to quash or modify a subpoena that subjects the subpoenaed party to an undue burden.  Whether a subpoena imposes an undue burden is determined by reference to factors including "relevance, the need of the party for the documents, the breadth of [the] document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."[39]

---

[36] *See* Collins Decl. ¶ 8, Ex. B.

[37] Rule 26.2(a)(2) of the Local Rules for the United States District Court for the Southern District of New York ("Local Rules").

[38] *See* Collins Decl., ¶ 9, Ex. B; *see also* Local Rule 26.2(c) ("when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category."); *Auto. Club of N.Y., Inc. v. Port Auth. Of N.Y. & N.J.*, 297 F.R.D. 55, 59 (S.D.N.Y. 2013).

[39] *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

1.    __The subpoenaed information is not relevant.__

Defendant's overbroad Subpoena fails to seek relevant information and reveals the subpoena for what it is, a fishing expedition, and not a legitimate demand for records necessary for Defendants to defend themselves in the Adversary Proceeding.

"Any subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement."[40]  "To the extent that a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the great risk of being found overbroad and unreasonable."[41]

In the Subpoena, Defendants seek virtually every document concerning BAC's representation of Mr. Jackson.  Defendants are seeking all of BAC's work product created on Mr. Jackson's behalf.[42]  Defendants are seeking every document exchanged by BAC and Mr. Jackson or his agents.[43]  Even more broadly, Defendants are seeking "the entirety of [BAC's] client file for the Leviston Matter."[44]  Accordingly, the Subpoena is facially overbroad.

By Memorandum of Decision dated March 1, 2019, in the Adversary Proceeding, the court dismissed counts one, three, four, and five, and part of count two of Mr. Jackson's Amended Complaint.[45]  The Court dismissed all of Mr. Jackson's claims based on legal malpractice except to the extent count two is based on allegations that Defendants failed to conduct and preserve the testimony of William A. Robert II, a/k/a "Rick Ross," Maurice Murray, and an unnamed internet

---

[40] *Hughes*, 327 F.R.D. at 57 (declining to consider defendant's argument that subpoenaed information would assist in formulating defense where underlying claim had already been dismissed).

[41] *Int'l Bus. Mach. Corp.*, 83 F.R.D. at 106-07.

[42] *See supra* s. IV.A.1.

[43] *See id.*

[44] *See id.* (Request No. 2).

[45] *See* Decision on Motion to Dismiss Adversary Proceeding at 31, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 64).

provider (the "Internet Provider"). The Court dismissed all of Mr. Jackson's remaining claims for breach of fiduciary duties.

Mr. Jackson's Amended Complaint in the Adversary Proceeding included his objection to defendant Reed Smith's Proof of Claim 18-1 ("POC 18-1"), filed in the Bankruptcy Case.[46] In its Memorandum of Decision, the Court determined that Mr. Jackson may proceed with his objection to POC 18-1 on the basis that Reed Smith's fees should be disallowed or reduced based on an alleged violation of 22 NYCRR 1215.1, an alleged conflict of interest, and alleged excessiveness.

The vast majority of documents that Defendants seek in the Subpoena are either irrelevant to the claims or defenses currently at issue in the Adversary Proceeding.

BAC is in possession of limited or no information relevant to the Adversary Proceeding. The relevant issue in the Adversary Proceeding is whether the jury in the Leviston Case would have come to a different conclusion on damages had Defendants obtained and presented the jury with testimony from Mr. Ross, Mr. Murray, and the Internet Provider.[47] As alleged by Mr. Jackson in the Adversary Proceeding, Defendants failed to depose each witness and their failure "effectively preclude[d]" BAC from conducting discovery or eliciting testimony at trial of Mr. Ross, Mr. Murray, or the Internet Provider, when it took over the Leviston Case.[48]

Any documents and communications in BAC's possession, if any, relating to the aforementioned witnesses, demanded by Defendants in Requests Nos. 2, 5, 6, 7 and 8 have little or no bearing on the issues before the court in the Adversary Proceeding. The inquiry of what Defendants could have done differently, and how a different course of conduct would have affected

---

[46] Claim 18, *In re Curtis James Jackson, III*, No. 15-21233-AMN (Bankr. D. Conn.) (Dkt. No. 18-1).

[47] *See* Decision on Motion to Dismiss Adversary Proceeding at 31, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 64).

[48] *See* Adversary Case 17-02005, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 22).

the Leviston Case, is not informed by documents in BAC's possession, which were generated or obtained by BAC during its efforts on behalf of Mr. Jackson. To the extent Defendants seek confirmation that they chose the proper course during their representation of Mr. Jackson, that determination is informed by an assessment of Defendants' conduct, the information available to them at the time of the conduct, and the opinion of a legal expert- not BAC's internal documents generated thereafter in an attempt to salvage the case.

BAC also is not in possession of any information relevant to POC 18-1 or Mr. Jackson's objections thereto.  The issues relating to POC 18-1 consist of the legitimacy of Defendants' retainer, the excessiveness of Defendants' fees, and Defendants' conflict of interest involving a non-BAC attorney.  BAC had no involvement in any aspect of those three issues.[49]

BAC took over the Leviston Case after Defendants were fired by Mr. Jackson.[50]  BAC is not alleged to have drafted Defendants' retainer or advised them on its propriety; BAC is not alleged to have set Defendants' billing rates; BAC is not alleged to have directed Defendants' case strategy; and BAC is not alleged to have had any involvement in Defendants' relationships with other attorneys.[51]  Accordingly, the Subpoena, and particularly Requests Nos. 1, 2, and 3, which demand documents concerning BAC's retention, billing, and strategic decisions involving Mr. Jackson,[52] seeks irrelevant information and should be quashed.

For these reasons, the Subpoena should be quashed.

---

[49] Collins Decl. ¶ 3.

[50] *See* Adversary Case 17-02005 at ¶ 103-108, *Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 1).

[51] *See* Collins Decl., Ex. A.

[52] *See, e.g.,* Collins Decl., Ex. A (Request No. 1:  "All documents or communications concerning [Mr. Jackson's] engagement of [BAC]"; Request No. 2:  "the entirety of [BAC's] client file for the Leviston Matter"; Request No. 3:  "documents or communications regarding Defendants' legal fees and other bills").

2. **The subpoenaed information can be obtained from parties to the underlying litigation.**

All or nearly all of the information demanded by Defendants from BAC is cumulative and duplicative of information obtained or that will be obtained from parties to the underlying litigation.

Fed. R. Civ. P. 26(b)(2)(C) requires the Court to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." That Rule applies with equal force to discovery demanded via subpoena.[53] In cases where the information can also be obtained from a party to the underlying litigation, courts take special care not to burden a nonparty.[54]

Defendants' Subpoena demands documents and communications related to BAC's representation of Mr. Jackson in the Leviston Case.[55] Subcategory (i) of Request No. 2 requests "the entirety of [BAC's] client file for the Leviston Matter," and subsumes all other requests within its scope.[56] Mr. Jackson, who is a party to the Adversary Proceeding, was the likely recipient of the majority of documents and communications falling within BAC's client file (with the exception of certain attorney work product, which is unavailable to Defendants regardless).[57] Therefore,

---

[53] *Burns v. Bank of Am.*, No. 03-CIV-1685-RMB-JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34.").

[54] *See, e.g., Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 114 (D. Conn. 2005); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014); *Wells v. Lamplight Farms Inc.*, 298 F.R.D. 428, 433 (N.D. Iowa 2014) ("[I]f discovery can easily be obtained from a party, it may be inappropriate to demand the same discovery from a nonparty."); *Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests."); *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006) (requiring party to show that it sought information from the parties to the litigation before serving subpoena on nonparty).

[55] *See generally* Collins Decl., Ex. A.

[56] *See id.* (Request No. 2).

[57] *See* Collins Decl. ¶ 5.

because all or nearly all of the requested discovery is available from a party to the litigation, the proper course of action was for Defendants to propound discovery requests to Mr. Jackson for the requested information, rather than to attempt to end-run around presumed resistance to production of privileged and allegedly relevant documents.[58]  To the extent that Defendants were unable to obtain relevant, responsive, non-privileged documents from Mr. Jackson, they could have then turned to BAC with specific, targeted, and cost-effective request.  Defendants, who attended a Rule 26(f) Conference in the Adversary Proceeding on March 27, 2019, just days before issuance of the subpoena, put the proverbial cart before the horse.[59]

Moreover, a significant portion of the requested documents are already in the possession of Defendants.  Defendants were counsel to Mr. Jackson for the entirety of the Leviston Case until their termination in the final months of the litigation, when they handed the case to BAC.[60]  Defendants no doubt already possess the majority of documents demanded from BAC by virtue of their 5-year representation of Mr. Jackson in the Leviston Case.

Any relevant information Defendants seek is available from a party to the litigation, whether Mr. Jackson or Defendants.  Therefore, because the Subpoena is at best duplicative, the Subpoena should be quashed.[61]

---

[58] *See, e.g., WM High Yield*, 460 F. Supp. 2d at 896 (requiring party to show that it sought information from the parties to the litigation before serving subpoena on nonparty).

[59] *See* Scheduling Order, *Curtis James Jackson, III*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 74).

[60] *See* Adversary Case 17-02005 ¶¶ 10, 20, 108, *Curtis James Jackson, III*, Adv. Proc. No. 17-2005-AMN (Dkt. No. 1).

[61] *See, e.g., Johnson v. Bryco Arms*, 226 F.R.D. 441, 446 (E.D.N.Y. 2005) (affirming order to quash deposition subpoena where sought-after information already produced in documents); *Graham v. Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 253-254 (S.D. Ind. 2002) (subpoena seeking copies of plaintiff's medical files from plaintiff's former and current employers quashed because records were available directly from her health care providers); *Travelers Indent. Co.*, 228 F.R.D. at 114 (third party subpoena unduly burdensome when information appeared to be publicly available from more convenient source).

3.    **Production of a document-by-document privilege log for the subpoenaed information imposes a substantial burden on a nonparty.**

All or virtually all of the thousands of the documents demanded from BAC, a law firm, by Defendants are subject to attorney-client privilege or work product protection.  BAC produced a categorical privilege log to Defendants on May 7, 2019.[62]  If, however, BAC is required to produce an additional document-by-document privilege log, BAC will bear a significant burden in terms of time and money.

In determining the extent of the burden imposed by a subpoena, the Court must weigh "the volume of material requested, the ease of searching for the requested documents in the form presented, and whether compliance threatens the normal operations of the [nonparty]."[63]  Courts give "special weight" to the burden on non-parties of producing documents to parties pursuant to subpoena.[64]

Defendants' Subpoena broadly requests every document and communication in BAC's possession with any relationship to the Leviston Case.  The near-limitless Subpoena covers a period of more than seventeen (17) years[65] and implicates more than a dozen BAC partners, associates, and employees, many of whom are no longer associated with the firm.[66]  Collection and review of these unquestionably privileged documents, and generation of a document-by document privilege log, will require BAC to perform a coordinated search through numerous potential repositories created over a number of years by various individuals, and a privilege review that will

---

[62] *See* Collins Decl., Ex. B.

[63] *Linder v. Calero-Portcarrero*, 180 F.R.D. 168, 175 (D.D.C. 1998).

[64] *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *see Concord Boat*, 169 F.R.D. at 49 (quoting Fed. R. Civ. P. 45(c)(2)(B)(ii)) ("[T]he status of a witness as a nonparty to the underlying litigation entitles [the nonparty] to consideration regarding expense and inconvenience.").

[65] *See* Collins Decl., Ex. A, at 12.

[66] *See* Collins Decl. ¶ 4.

entail a massive effort on the part of BAC, a law firm of just fifteen (15) attorneys.[67]  This burden is substantial and, when weighed against the minimal need, is certainly undue.

As set forth above, *supra* s.IV.B.1-2, Defendants seek documents that are not relevant to the remaining claims and defenses in the underlying litigation.  And, even if relevant, the documents are duplicative of discovery available through Mr. Jackson, a party to the litigation. Accordingly, the enormous burden imposed upon BAC, a nonparty, to log thousands of privileged documents, balanced against Defendant's weak claim of need, weighs in favor of an order to quash the Subpoena.

However, in the event that the Court determines not to quash the Subpoena, BAC reserves the right to move for Defendants to reimburse it for the costs it incurs preparing a privilege log of documents responsive to the Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure.[68]

## V.

## CONCLUSION

For all the foregoing reasons, this Court should quash the Subpoena.  In the alternative, the Court should shift the costs of privilege review to the Subpoena to Defendants.  In all cases, the Court should further grant all such additional relief it deems just and proper.

---

[67] Collins Decl. ¶ 7, 10.

[68] FED. R. CIV. P. 45(d)(2)(B)(ii) (when a court orders compliance with a subpoena over an objection, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance"); *see, e.g., In re Honeywell Intern., Inc. Securities Litigation*, 230 F.R.D. 293, 302–303 (S.D.N.Y. 2003) (shifting costs)

Respectfully submitted,


By:     /s/ *Michael J. Collins*
        Michael J. Collins (Bar No. 3971348)
        mjc@brewerattorneys.com
        **BREWER, ATTORNEYS & COUNSELORS**
        750 Lexington Avenue, 14th Floor
        New York, New York 10022
        Telephone: (212) 489-1400
        Facsimile: (212) 751-2849

        **ATTORNEYS FOR PLAINTIFF**


        4814-6570-9206, v. 2

17